## Charles C. Martin, Administrator, Plaintiff in Error, v. St. Luke's Hospital, Defendant in Error.

### Gen. No. 21,252.

1. Death, § 21*—*when nonaction not proximate cause.* In an action against a hospital corporation to recover for the death of plaintiff's intestate under Hurd's Rev. St., ch. 70, sec. 1 (J. & A. ¶ 6184) providing an action "whenever the death of a person shall be caused by wrongful act," etc., where it appeared that decedent was brought to defendant's hospital after a fall occurring elsewhere, with which accident the cause of death was plainly connected, and that the immediate cause of death was cerebral compression and hemorrhage, *held* that no right of action accrued to plaintiff against defendant, upon the sole ground that defendant failed to cause decedent to be operated upon in order to save his life, for the reason that the words of the statute refer to the direct cause which, without the intervention of any other cause, produces death, and do not include within their meaning a failure to arrest the natural progress of accidental injuries.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. EXECUTORS AND ADMINISTRATORS, § 506*—*when award of execution erroneous.* An award of an execution for costs against an administrator *held* erroneous for the reeason that such costs should have been directed to be paid in the due course of administration.

Error to the Superior Court of Chicago; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed as modified. Opinion filed December 6, 1915.

JAMES R. WARD and ÁLFRED O. ERICKSON, for plaintiff in error.

SHERIFF, DENT, DOBYNS & FREEMAN, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff seeks to have reversed a judgment of *nil capiat* entered on a directed verdict finding the defendant not guilty in an action of trespass on the case.

John S. Erickson, while cleaning electric lights in the passenger station of the Chicago & Northwestern Railroad, touched a live wire and received a shock which caused him to fall from a ladder. He sustained a fractured skull and other injuries. He was taken to the defendant's hospital and on the following day he died.

The theory of plaintiff's claim against defendant is that, knowing that a surgical operation was immediately necessary, the superintendent and employees of defendant ''neglected to cause   *   *   *   the necessary surgical operation to be performed to arrest the effect of said injuries   *   *   *   and as a result of said injuries and the aforesaid neglect to relieve them he died,'' with right of action accruing under the statute for the benefit of the next of kin.

Action to recover for the death of a person is permissible only by virtue of the statute,—section 1, ch. 70, Illinois Statutes (J. & A. ¶ 6184). This provides

*See **Illinois Notes Digest**, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for an action, "Whenever the death of a person shall be caused by wrongful act," etc. It is self-evident that the cause of Erickson's death was connected with the fall from the ladder. A doctor testified that "the immediate cause of death was cerebral compression and hemorrhage." A post-mortem disclosed a blood clot on the brain about the size of a fist. We fail to see how any "failure to arrest the effect of said injuries" by surgical operation can be said to be the cause of death as these words are used in the statute. To say that the failure of a physician to prevent death is the cause of death is merely to play with words. The words in the statute mean the direct cause which, without the intervention of any other cause, produces death. We are referred to no decisions holding a defendant answerable in damages in a death case for failure to arrest the natural progress of accidental injuries.

We find no evidence of any circumstances which gave rise to an obligation upon defendant to furnish surgical services. Erickson was sent to the hospital by Dr. Owen, chief surgeon of the Chicago & Northwestern Railroad, under an arrangement between him and the defendant by which defendant was to furnish "board" and a nurse. Medical attendance apparently was to be furnished by Dr. Owen. So far as the evidence discloses, the hospital was merely a place for boarding and nursing patients under his care. There being no obligation shown by the evidence upon defendant for the services of a physician, it follows there can be no recovery against it for any failure to operate on Erickson.

These considerations are sufficient to justify the judgment, and it is unnecessary to discuss other points presented.

It was technically an error to award execution for costs against the administrator instead of the proper direction that they be paid in due coure of administra-

tion. The judgment is modified here in this respect and is otherwise affirmed.

*Affirmed as modified.*